

# THE ATTORNEY GENERAL
## OF TEXAS

**Gerald C. Mann**
~~XXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Sam G. Reams
County Attorney
Brooks County
Falfurrias, Texas

Opinion No. O-4202

Re: Taxation of personal property of a State banking corporation.

Dear Sir:

We acknowledge receipt of your request for an opinion of this department with reference to the above subject.

Your request reveals the facts to be that the San Antonio Loan and Trust Company is a banking corporation, organized under the laws of the State of Texas. That they are the owners of about 15,000 acres of land and 1,000 head of cattle, all located in Brooks County, Texas. That the Brooks County Tax Collector maintains that the cattle should be taxed in Brooks County, while the bank contends that they are a part of the capital assets and the tax thereon should be paid in Bexar County, the home office.

These cattle constitute a part of the personal property of the banking corporation and Article 7165, Revised Civil Statutes, 1925, provides in part as follows:

". . . 4. All other banks . . . shall render their lists in the following manner: . . .

"(5) All other property belonging or appertaining to said bank or business including both personal property and real estate, shall be listed as other personal property and real estate."

Article 7166, Revised Civil Statutes of 1925, provides:

"Every banking corporation . . . shall . . . render its real estate to the tax assessor at the time and in the manner required of individuals. At the time of making such rendition the president or some other officer of said bank shall file with said assessor the sworn statement showing the number and amount of the shares of said bank, the name and residence of each shareholder, and the number

and amount of shares owned by him. Every shareholder of said bank, shall, in the city or town where said bank is located, render at their actual value to the tax assessor all shares owned by him in such bank; and in case of his failure so to do, the assessor shall assess such unrendered shares as other unrendered property. Each share in such bank shall be taxed only for the difference between its actual cash value and the proportionate amount per share at which its real estate is assessed. . . ."

The purpose of these two provisions of our statutes is to provide a convenient means of taxing property belonging to a banking corporation. The bank is first required to file a list of all property and then file a list showing the number and amount of shares there are in said bank and the names of the shareholders, together with the number and amount of the shares owned by each. The shareholder is then required to render his shares for taxation at their actual value, and upon a failure to render the assessor shall render the shares and place them on the unrendered rolls.

The effect of these statutes is to require the banking corporation to pay taxes on all of its real estate and the shareholders to pay the taxes on the personal property. Engelke v. Shlenker, 12 S. W. 999; City of Marshall v. State Bank of Marshall, 127 S.W. 1083. It follows that a State bank is not liable for the taxes on its personal property.

You are therefore advised that Brooks County cannot require San Antonio Loan and Trust Company to pay taxes on the 1,000 head of cattle located in that county.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED DEC 9, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

RHC:db:wb

Yours very truly
ATTORNEY GENERAL OF TEXAS

By /s/ Richard H. Cocke
Richard H. Cocke, Assistant